In the Matter of BEVERLY LANES, INC., Petitioner, *v.* THOMAS E. ROHAN et al., Constituting the State Liquor Authority, Respondents.

Fourth Department, January 5, 1961.

*Gellman & Gellman* (*Philip S. Gellman* of counsel), for petitioner.

*Richard R. Jenczka* and *Hyman Amsel* for respondents.

GOLDMAN, J. This is an article 78 proceeding to review the determination of the State Liquor Authority which suspended petitioner-appellant's license for a period of 10 days, predicated upon a finding that in violation of subdivision 1 of section 65 of the Alcoholic Beverage Control Law appellant sold, delivered, or gave away or permitted to be sold, delivered or given away alcoholic beverages to a minor under the age of 18 years on three different occasions during the latter part of September, 1957.

The appellant operates a bowling establishment in Niagara Falls, New York. The primary purpose of appellant's business is the renting of some 32 bowling alleys to persons engaging in the game of bowling. Incidental to that main purpose, appellant offers for sale alcoholic beverages from a bar which is located at least 70 feet from the area where the infant and others were bowling. The testimony discloses that the minor, a female 16 years, 10 months of age, was in the company of her escort, an adult male and two other persons. The adult purchased bottled beer at the bar, allegedly on three different dates and delivered one or two bottles on each of the occasions to the minor. The hearing officer found this as a fact and also found that the bar at which the beer was purchased was "seventy odd feet distant from the bowling alleys but not visible to the person in charge of the bar". It is conceded that no employee of appellant at any time actually delivered the beer to the minor and that no employee of the appellant observed the minor receiving or consuming the beer. Under these circumstances we can find no substantial evidence to support the administrative determination. (*Matter of Humphrey* v. *State Ins. Fund*, 298 N. Y. 327, 331–332; *Matter of Miller* v. *Kling*, 291 N. Y. 65; *Matter of Stork Restaurant* v. *Boland*, 282 N. Y. 256.)

The rule of absolute responsibility, i.e., that, despite any circumstances a licensee violates section 65 of the Alcoholic Beverage Control Law if a minor in some form or manner obtains alcoholic beverage on licensed premises is not supported by the decisions dealing with this question. (*Matter of Sheibar* v. *New York State Liq. Auth.*, 4 A D 2d 442, affd. 4 N Y 2d 984; *Matter of Erin Wine & Liq. Store* v. *O'Connell*, 283 App. Div. 443, affd. 307 N. Y. 768.) We recognize that the absence of intention to violate the law does not relieve the licensee of the responsibility and burden of ascertaining the age of a youthful patron. (*Matter of Ward* v. *O'Connell*, 280 App. Div. 1021.) However, this is not to say that under some circumstances a youthful patron may be present on the premises, unknown to the licensee or his agent, and may consume an alcoholic beverage without violation of section 65 by the licensee. Lack of knowledge of age is no defense but lack of knowledge of presence is a different matter and is one of many elements which should be considered. If the rule of absolute responsibility prevails then all that need be shown is the presence of the minor anywhere on the premises, the reception of alcohol by the minor and nothing else. In our view the language of the statute must be construed according to its ordinary and usual meaning, and has so been interpreted

by the decisions as to absolve the appellant in the fact situation here presented.

The statute must be construed according to a common-sense rule or rule of reason. Our position is clearly stated in *People v. Griesebacker* (6 A D 2d 679) where the court said: "We believe there is a rule of reason to be applied. The language of the statute is designed to embrace conduct where parties participate directly or indirectly in actual immediate service to a minor under 18 years of age, or knowledgeably and voluntarily, singly or in combination, or under circumstances that should impart knowledge, act so as to permit the delivery of an alcoholic beverage to such minor." We know that the *Griesebacker* case was a criminal prosecution, in which the degree of proof required differs greatly from an administrative proceeding, but we believe the rule there laid down should govern any proceeding involving section 65. Even in *Matter of Maniccia v. State Liq. Auth.* (5 A D 2d 929) relied on heavily by the respondents, the conclusion of the court that the licensee knew or should have known of the delivery of the beer to the minors was reached by the application of the test of reasonable diligence. Evidence of good faith in the instant case was demonstrated by testimony that two police officers were employed by the licensee in their off-duty hours to check the bar and to prevent sales to minors.

We believe that *Matter of Sheibar v. New York State Liq. Auth.* (4 A D 2d 442, affd. 4 N Y 2d 984, *supra*) which was unanimously affirmed by the Court of Appeals is completely controlling. In the *Sheibar* case, three sailors entered a small one-room bar where all patrons were in full view of the bartender. One sailor, of legal age, purchased three bottles of beer from the bar, took them to his table and the beer was consumed by all three including one underage person. The Appellate Division of the First Department (p. 443) unanimously annulled the determination of the Authority on the ground that there was "absent any proof — other perhaps than a mere scintilla or a thin speculation — of the delivery, or the permitting of the delivery, of an alcoholic beverage to the minor. Hence, a conclusion that section 65 of the Alcoholic Beverage Control Law had been violated was not a reasonable inference from the facts." Certainly, the Authority's proof in the case at bar, dealing with large premises with the alleys out of sight of the bartender and crowds of bowling patrons, is substantially weaker than that in *Matter of Sheibar* (*supra*) and, a fortiori, requires annulment of the Authority's determination.

We are as concerned as the Authority with the sale of alcoholic beverages to minors. In our view it would not be unreasonable

for the Authority to promulgate regulations prohibiting sale of alcoholic beverages in establishments like bowling alleys and similar enterprises, where the sale is only incidental to the main purpose of the business, unless the beverage is delivered to the consuming parties by waiters charged with the responsibility of determining the ages of all persons in the party. Any reasonable requirement of supervision which would prevent the imbibing of alcoholic beverages by minors would be highly desirable. If such action were taken by the Authority, the burden specifically placed upon the business might well discourage bowling alleys and similar places of amusement from dispensing alcoholic beverages. Until such action is taken by the Authority, to define clearly and positively the responsibility of the licensee, the present state of the law imposes no such obligation.

The determination of the Authority should be annulled, the suspension rescinded and the petition granted.

BASTOW, J. P. (dissenting). This appeal requires simply the application of well-established legal principles to a factual situation. The Authority does not ask for the laying down of any rule of absolute responsibility of a licensee in any and all cases where an underage minor obtains an alcoholic beverage. It contends, and correctly, that the licensee by a course of conduct has failed in its duty to supervise with reasonable diligence the sale and consumption of bottled beer so that underaged minors may not obtain and consume the beverage.

The licensed premises consist of 32 bowling lanes with the bar located in the center thereof. The premises are open 24 hours a day for seven days a week. At times 300 or 400 persons are present and the crowd does not disperse until 5 o'clock in the morning. There is ample evidence to support the findings that on three separate occasions a male companion of a 16-year-old girl procured and delivered to her one or two bottles of beer on each occasion. These had been obtained from the bar which was 70-odd feet distant from the alleys and not visible to the person in charge of the bar. Two police officers of the City of Niagara Falls testified that on week ends they alternated on duty as employees of the licensee from 7 until 12 in the evening. One stated that his duties included keeping "an eye on the bar — make sure that they check identification and so on for drinking."

Thus, the Authority had before it substantial proof to warrant the finding that "the licensee actually knew or should have known, had reasonable diligence been exercised" (*Matter of Lynch's Bldrs. Restaurant* v. *O'Connell,* 303 N. Y. 408, 410)

that on repeated occasions on different dates adults were permitted to purchase multiple bottles of beer at the bar, carry them to a remote place in the premises where the intoxicants were consumed by members of a party, at least one of whom was an underage minor. The duty of the licensee did not end at the bar. The mandate of the statute is that '' No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to 1. Any minor, actually or apparently, under the age of eighteen years '' (Alcoholic Beverage Control Law, § 65). It is a mere play on words to say, as petitioner does herein, that there was no proof of any actual delivery or service to any minor. '' Sufferance as here prohibited implies knowledge or the opportunity through reasonable diligence to acquire knowledge. This presupposes in most cases a fair measure at least of continuity and permanence. * * * But the duty to inquire existing, there is no safety in ignorance if proper inquiry would avail * * * Whatever reasonable supervision by oneself or one's agents would discover and prevent, that, if continued, will be taken as suffered.'' (*People ex rel. Price* v. *Sheffield Farms Co.*, 225 N. Y. 25, 30–31.)

The premises here involved consisting of thousands of square feet with crowds milling about throughout the day and night differ vastly from the family tavern or package liquor store considered in the authorities relied upon in the majority opinion. The licensee itself recognized its duty of supervision by retaining city policemen during the evening to '' keep an eye '' on the bar. Its very position in this proceeding, however, shows that it had and has no proper concept of the scope of that duty. It contends '' that there was no delivery to the minor ''. In substance it argues, and apparently with success, that its duty of surveillance ended with the completed sale to an adult of a quantity of bottled beer at the bar. Under a so-called '' rule of reason '' it is now being held that there is no duty to make certain that these intoxicants are not carried elsewhere in the premises and consumed by youthful bowlers.

Here pertinent is the observation made in *Matter of Maniccia* v. *State Liq. Auth.* (5 A D 2d 929) : '' The fact that one person purchased an unusually large quantity of beer in bottles should have been sufficient to put the person in charge of the premises on notice that the beer was not intended for consumption alone by the one making the purchase. Any inquiry on his part might readily have disclosed that some of the beer was intended for, and in fact consumed by minors in the party. Petitioner is

bound by the rule that wherever reasonable supervision by oneself or one's agent would discover and prevent a violation, the party charged is bound to exercise such supervision ".

The suggestion in the majority opinion that the Authority should promulgate additional regulations to cover the situation here disclosed is difficult to understand. The prohibitions in section 65 of the Alcoholic Beverage Control Law against the gift, sale or delivery of alcoholic beverages to those under 18 have existed since the enactment thereof. (L. 1934, ch. 478, § 65.) Any careful licensee conducting premises consisting of a bar and bowling alleys may prevent such occurrences by instructing its employees at the bar that only one bottle of beer will be served at a time to any one person. Multiple orders would be delivered directly to a group of persons by an employee who would be required to make certain that underage minors were not served. It is submitted that no additional regulations are required. Through the years the courts have vigorously sustained the Authority in this area. "The protection of adolescents against psychic and physical impairment from the use of alcohol is a settled policy of the State. It is more important than the inconvenience that might come to liquor purveyors in taking the trouble to check somewhat the maturity of their customers. The burden is not intolerable, but whatever it is the Legislature has undoubted power to impose it. If it seems heavy, it is placed where it is for good cause." (*Matter of Barnett* v. *O'Connell,* 279 App. Div. 449, 450.)

In the face of this and similar authoritative statements on the subject it is now being held that unless and until further regulations are adopted by the Authority " to define clearly and positively the responsibility of the licensee, the present state of the law imposes no such obligation." The provisions of the statute under consideration are plain and unambiguous. Conclusive interpretation has been given this and similar legislation by the courts of this State. This particular statute is one carrying penal sanctions. (Alcoholic Beverage Control Law, § 130, subd. 3. ) The decision now being made in substance prevents both the administrative agency and the police from proceeding against licensees operating bowling alleys, and those similarly situated, until the Authority by regulation defines " clearly and positively " what the Legislature has meant by the plain language of the statute. This would appear to be an unwarranted exercise of judicial power in the field of statutory construction.

The determination should be confirmed.

All concur, except BASTOW, J. P., and HALPERN, J., who dissent and vote to confirm the determination, in an opinion by BASTOW, J. P., in which HALPERN, J., concurs. Present—BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Determination annulled, with $50 costs and disbursements, suspension rescinded, and petition granted.