■ JAMES J. BRUNO et al., Appellants, v HOME MUTUAL INSURANCE COMPANY OF BINGHAMTON, Respondent. — Order unanimously affirmed, without costs. Memorandum: Plaintiffs are the insured under a homeowner's policy which was issued by defendant and was in effect when plaintiff's home was burglarized in August, 1980. Defendant refused to pay the amount of the claimed loss. Plaintiffs' first cause of action seeks $2,125.92 for damages to the dwelling and also seeks $39,954.60 for personal property alleged to be either damaged or missing. The first cause of action also asserts a claim for $20,000 in counsel fees. Plaintiffs' second cause of action seeks damages of $500,000 for intentional infliction of severe emotional distress and, additionally, asks for punitive damages of $1,000,000 and counsel fees of $500,000. Special Term denied plaintiffs' motion for summary judgment and granted defendant's cross motion for partial summary judgment dismissing plaintiffs' second cause of action and so much of plaintiffs' first cause of action as sought counsel fees. We affirm. Although the showing made by defendant in response to plaintiffs' motion for summary judgment consists largely of inadmissible hearsay, the motion nonetheless was properly denied since what was taken in the burglary, and the value thereof, are known only to plaintiffs. "[I]f facts are peculiarly within the control or possession of the moving party and not available to the other party, the motion should be denied" (*Matter of Mead v First Trust & Deposit Co.*, 60 AD2d 71, 78). Stripped of its otherwise unsupported language, plaintiffs' second cause of action does nothing more than reassert the breach of contract claim. Plaintiffs have failed to offer evidentiary facts sufficient to demonstrate that defendant's refusal to pay the claim is so egregious as to justify a claim for emotional injury (see *Fischer v Maloney,* 43 NY2d 553; *O'Rourke v Pawling Sav. Bank,* 80 AD2d 847, app dsmd 54 NY2d 641; *Nestlerode v Federal Ins. Co.,* 66 AD2d 504, mot for lv to app den 48 NY2d 604) or so morally culpable as to support an award of punitive damages (see *Hubbell v Trans World Life Ins. Co. of N. Y.,* 50 NY2d 899; *Halpin v Prudential Ins. Co. of Amer.,* 48 NY2d 906; *Janina Travel Bur. v Kalison,* 72 AD2d 916, 917). It follows, of course, that plaintiffs may not be awarded counsel fees (see *Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315; see, also, *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12). (Appeal from order of Supreme Court, Niagara County, Kuszynski, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.