■ In the Matter of ANTHONY ITALIANO, Respondent, v CITY OF SYRACUSE et al., Appellants. — Judgment unanimously affirmed, with costs. Memorandum: Respondents appeal from a judgment directing them to issue a building permit for the renovation of the second floor of a building at 400 South Clinton Street in Syracuse for use as an instructional health service facility. The sole argument raised by respondents is that petitioner's proposed use is not authorized under the Syracuse Zoning Ordinance. We disagree. The property is situate in the "Central Business District — Office and Service District". The applicable ordinance permits the use of property in such district for several enumerated services, including "instructional services such as music and dancing schools" (Syracuse Zoning Ordinance, part B, § IV, art 2, subd 2b). Respondents interpret the quoted language as limiting the use for instructional services to music and dancing schools. That interpretation violates the plain meaning of the language of the ordinance, and is untenable (see McKinney's Cons Laws of NY, Book 1, Statutes, §§ 238-240). (Appeal from judgment of Supreme Court, Onondaga County, Aloi, J. — art 78.) Present — Dillon, P. J., Callahan, Doerr, Green and Moule, JJ.

■ FAIRLAND AMUSEMENTS, INC., Appellant, v STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent. — Order unanimously affirmed, without costs, for reasons stated at Special Term, Denman, J. (Appeal from order of Supreme Court, Erie County, Denman, J. — dismiss complaint.) Present — Dillon, P. J., Callahan, Doerr, Green and Moule, JJ.

■ UNILAND DEVELOPMENT COMPANY, Respondent, v HOME INSURANCE COMPANY, Appellant, et al., Defendants. — Order unanimously reversed, without costs, and motion granted. Memorandum: Barring any allegation in the complaint seeking to "vindicate a public right or deter morally culpable conduct, punitive damages are not recoverable" (*Halpin v Prudential Ins. Co.,* 48 NY2d 906, 907). Allegations of willful and intentional refusal to pay (under terms of the policy) are insufficient (*Halpin v Prudential Ins. Co., supra; Reifenstein v Allstate Ins. Co.,* 92 AD2d 715). Therefore, the fourth cause of action seeking punitive damages must be dismissed. The fifth cause of action, seeking attorney's fees, is similarly infirm in the absence of a valid claim for punitive damages (*Bruno v Home Mut. Ins. Co.,* 91 AD2d 1169; *Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315, 321; see, also, *Sukup v State of New York,* 19 NY2d 519, 522). (Appeal from order of Supreme Court, Erie County, Doyle, J. — breach of contract.) Present — Dillon, P. J., Callahan, Doerr, Green and Moule, JJ.

■ JAMES BURDETT et al., Appellants, v CITY OF BATAVIA et al., Respondents. — Judgment unanimously affirmed, without costs, for reasons stated in memorandum decision at Special Term, Morton, J. (Appeal from judgment of Supreme Court, Genesee County, Morton, J. — declaratory judgment.) Present — Dillon, P. J., Callahan, Doerr, Green and Moule, JJ.