■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK HEINEN, Respondent.—Order unanimously affirmed for reasons stated in decision at Cattaraugus County Court, Kelly, J. (Appeal from Order of Cattaraugus County Court, Kelly, J. —Dismiss Indictment.) Present—Denman, P. J., Pine, Lawton, Boehm and Doerr, JJ.

■ TAMARA L. BLAZYNSKI, Respondent, v JUDITH A. GALLAGHER et al., Respondents, and DAVID MORGAN, Doing Business as THE TROLLEY STOP, Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant The Trolley Stop was entitled to summary judgment dismissing plaintiff's common-law negligence cause of action against it because the accident occurred beyond The Trolley Stop's sphere of control *(see, Delamater v Kimmerle,* 104 AD2d 242; *Wright v Sunset Recreation,* 91 AD2d 701). We conclude, however, that the court properly denied The Trolley Stop's motion for summary judgment with respect to plaintiff's Dram Shop cause of action because plaintiff raised a triable issue of fact whether the driver who injured plaintiff was visibly intoxicated when she was sold alcoholic beverages at The Trolley Stop *(see generally, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068; *cf., Terbush v Buchman,* 147 AD2d 826). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Boehm and Doerr, JJ.