OPINION OF THE COURT
Kaye, J.
 This appeal asks whether a convenience store selling alcoholic beverages may be held liable, under statutory or common law, for personal injuries resulting from an indirect sale of alcohol to a minor. We answer that question in the negative, as did the motion court and Appellate Division.
On the evening of June 17, 1988, Michael Relf, a minor, presenting a driver’s license he had found, purchased a quantity of beer and wine coolers from a convenience store operated by defendant AOK. Relf allegedly purchased the alcoholic beverages with money pooled from several other teenagers— including David Robinson and plaintiff Timothy Sherman— who waited in a car parked in the lot outside the store. There was evidence that after the purchase, the boys parked at the side of a road for a half hour, then proceeded to a drive-in movie, and later attended a party. In the early morning hours of June 18, with Robinson driving and Sherman a passenger, the car was involved in an accident, severely injuring Sherman. At the time of the accident, Robinson had an elevated blood-alcohol level, allegedly due to his consumption of the beer purchased by Relf.
Plaintiffs contend that AOK’s sale of alcoholic beverages to *486 Relf renders AOK liable for Sherman’s injuries under statutory or common law because by selling beer to Relf (a minor) AOK caused or permitted the sale of beer to Robinson (also a minor), who caused Sherman’s injuries. We agree with the comprehensive writing of Justice Hurlbutt, affirmed by the Appellate Division, which dismissed the complaint against AOK on summary judgment.
We first consider plaintiffs’ claims under General Obligations Law §§ 11-100 and 11-101, which are an exception to the common-law rule that a person consuming alcoholic beverages is solely responsible for injuries caused by his or her own intoxication (see, D’Amico v Christie, 71 NY2d 76, 83).
More than a century ago, the Legislature enacted the Dram Shop Act to provide a private right of action against a seller of alcohol for injuries caused by intoxication resulting from such sale (L 1873, ch 646). In its current incarnation, the Act provides a cause of action for injuries caused by "any intoxicated person” against a person who unlawfully sells alcoholic beverages to or unlawfully assists in procuring alcoholic beverages for "such intoxicated person.” (General Obligations Law § 11-101 [l].)[1] The Dram Shop Act applies only to the commercial sale of intoxicating liquors (D’Amico v Christie, supra).
In 1983, the Legislature supplemented the Dram Shop Act by imposing responsibility on any provider unlawfully furnishing alcoholic beverages to minors, or unlawfully assisting in procuring such beverages for them, when "such [minor person’s] intoxication” causes plaintiff’s injury (General Obligations Law § 11-100 [l];[2] see also, Sheehy v Big Flats Community *487 Day, 73 NY2d 629). This statute, "intended to parallel those [provisions] contained in New York’s Dram Shop Statute” (Letter from Senator William T. Smith explaining Senate Bill S 6502-B, July 22, 1983, Governor’s Bill Jacket, L 1983, ch 641), extended dram-shop-type liability without the necessity of a commercial sale.
One additional provision completes the statutory setting. Liability under sections 11-100 and 11-101 attaches only in the event of an "unlawful” sale or delivery of alcohol. That term is defined in Alcoholic Beverage Control Law § 65 (1): "No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to * * * [a]ny person, actually or apparently, under the age of twenty-one years.” Irrespective of knowledge or intent, under section 65 (1) a licensee may suffer administrative sanctions, such as suspension of its liquor license, for furnishing alcohol to minors (see, e.g., Matter of Erin Wine & Liq. Store v O’Connell, 283 App Div 443, 447, affd 307 NY 768). However, the regulatory provision does not create a private right of action (Moyer v Lo Jim Cafe, 19 AD2d 523, affd 14 NY2d 792). That right is found — and circumscribed— in General Obligations Law §§ 11-100 and 11-101.
Plaintiffs urge that the three statutes, read together, establish a legislative purpose to prevent the sale of alcoholic beverages to minors that should encompass the present situation. But plaintiffs’ argument overlooks the express language of the General Obligations Law defining the private right of action which, as an exception to the common law, must be read narrowly and not enlarged beyond its borders (D’Amico v Christie, 71 NY2d, at 83, supra).
Most notably, the General Obligations Law — unlike the regulatory provision — is explicit in limiting liability for injuries caused by an intoxicated minor to the unlawful supply of alcoholic beverages to that person (General Obligations Law § 11-100 [1]; § 11-101 [1]). The plain language of the enactments specifies that the individual who by reason of intoxication causes injury must be the very person to whom defendant furnished the alcoholic beverages, or for whom they were procured.
Additionally, unlike the Alcoholic Beverage Control Law provision, liability under General Obligations Law § 11-100 may be imposed only on a person who knowingly causes intoxication by furnishing alcohol to (or assisting in the pro *488 curement of alcohol for) persons known or reasonably believed to be underage. While section 11-101 does not explicitly refer to knowledge, that same requirement must be inferred because the legislative history makes plain that section 11-100 was intended to parallel the Dram Shop Act (Letter from Assemblyman John F. Duane explaining Senate-Assembly Bill S 6502-A, A 7236-A, July 10, 1983, Governor’s Bill Jacket, L 1983, ch 641).
Here it is undisputed that defendant did not knowingly sell, furnish or assist in procuring alcoholic beverages to or for Robinson, the intoxicated tortfeasor; the transaction was with Relf. Nor were there facts or circumstances from which the requisite knowledge could reasonably be inferred — for example, Robinson and Relf appearing together at the check-out counter, with Relf taking money from Robinson or handing him the beer (see, Dudley v Parker, 132 NY 386; Stewart v Taylor, 167 AD2d 846, lv denied 77 NY2d 805; Lee v Holloway, 146 Misc 2d 455, 459).
Plaintiffs nonetheless insist that the sale to Relf was in effect a sale to Robinson because of the quantity of alcoholic beverages purchased by Relf. According to plaintiffs, that fact alone made it likely that the alcohol was to be consumed by more than one person, and had defendant investigated the parking lot, it would have discovered the other teenagers, including Robinson, in the car. That argument is premised on cases seeking administrative sanctions under Alcoholic Beverage Control Law § 65, for on-premises activity, where conduct constituting the alleged delivery of alcohol to a minor was "open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented.” (Matter of 4373 Tavern Corp. v New York State Liq. Auth., 50 AD2d 855, 856; see also, Matter of Beverly Lanes v Rohan, 12 AD2d 156, revd on dissenting opn 11 NY2d 909; Matter of Sheibar v New York State Liq. Auth., 4 AD2d 442, affd 4 NY2d 984.)
Those cases are immediately distinguishable from the present action seeking damages under General Obligations Law §§ 11-100 and 11-101 and involving activity that occurred off the premises. Nothing in the General Obligations Law imposed upon defendant a duty, merely because a quantity of alcoholic beverages was purchased, to investigate possible ultimate consumers in the parking lot beyond its doors.
Relief under the common law is similarly unwarranted. *489 "|T]n order for plaintiffs to prevail on [a] claim of common-law negligence, there must first be a legal duty owed by defendant to them. Foreseeability of harm is alone not enough.” (D’Amico v Christie, 71 NY2d, at 87, supra.) The legal duty that a store selling alcoholic beverages owes to a third party is limited by General Obligations Law § 11-101 and did not include a duty to investigate possible indirect sales.[3] While plaintiff cites several decisions from other jurisdictions recognizing liability in similar situations, those jurisdictions either do not have dram shop statutes or their enactments are materially different from General Obligations Law §§ 11-100 and 11-101. In this State, " 'the very existence of a Dram Shop Act constitutes a substantial argument against expansion of the legislatively-mandated liability.’ ” (Id., at 86 [quoting Kelly v Gwinnell, 96 NJ 538, 554].) Given the Legislature’s choice not to provide liability for the indirect sale in this case, we decline to expand the common law to impose such liability.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Acting Chief Judge Simons and Judges Titone, Bellacosa and Smith concur; Judge Hancock, Jr., taking no part.
Order affirmed, with costs.

. The subdivision reads in full: "Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawfully selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages.”

. This subdivision reads in full: "Any person who shall be injured in person, property, means of support or otherwise, by reason of the intoxication or impairment of ability of any person under the age of twenty-one years, whether resulting in his death or not, shall have a right of action to recover actual damages against any person who knowingly causes such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that such person was under the age of twenty-one years.”

. We reject plaintiffs’ argument that defendant’s company manual created a separate duty of care. Violation of a company’s internal rules is not negligence in and of itself, and where such rules require a standard that transcends reasonable care, breach cannot be considered evidence of negligence (Longacre v Yonkers R. R. Co., 236 NY 119,125).