■ MATTHEW RANN, an Infant, by His Father and Natural Guardian, ROBERT RANN, et al., Appellants, v KEITH W. HAMILTON, an Infant, by His Parent and Natural Guardian, RAYMOND HAMILTON, et al., Defendants, and SOUTHLAND CORPORATION, Franchisor to Roy Anderson et al., Doing Business as 7-ELEVEN, et al., Respondents. [599 NYS2d 51] —In an action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Brown, J.), dated December 5, 1990, which granted the motions of The Southland Corporation, and Roy Anderson and Joan Anderson doing business as 7-Eleven for summary judgment dismissing the complaint as against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

This action arises out of a two-vehicle collision during which the minor plaintiff sustained injuries as a passenger on a motorcycle driven by the minor defendant Keith W. Hamilton. The accident occurred after both these parties had consumed beer. The beer had been purchased for them by a third party from a 7-Eleven convenience store operated by the respondents Roy Anderson and Joan Anderson, franchisees of the respondent The Southland Corporation.

The plaintiffs have no viable cause of action against the respondents predicated upon common-law negligence. Our courts have declined to impose liability upon dispensers of alcoholic beverages for the injuries caused by voluntarily intoxicated customers *(see, Sheehy v Big Flats Community Day,* 73 NY2d 629, 636; *D'Amico v Christie,* 71 NY2d 76, 83). Furthermore, the liability imposed under General Obligations Law §§ 11-100 and 11-101 is limited to those cases where injuries are caused by an intoxicated minor to whom the allegedly liable person has furnished, or has assisted such minor in procuring, the alcoholic beverages (General Obligations Law § 11-100 [1]; § 11-101 [1]; *Sherman v Robinson,* 80 NY2d 483, 487; *Stewart v Taylor,* 167 AD2d 846; *Smith v Guli,* 117 AD2d 1017). It is clear from the record in this case that the beer was purchased from the 7-Eleven not by Keith Hamilton or the minor plaintiff, but rather by another minor.

We further reject the plaintiffs' contention that under cir-

cumstances such as those at bar, General Obligations Law § 11-100, when read in conjunction with Penal Law former § 260.20 (4) and Alcoholic Beverage Control Law § 65 (1) and (2), imposes an implied liability upon persons who sell alcoholic beverages to minors. The express language of the General Obligations Law defining the private right of action is an exception to the common law. It therefore must be read narrowly and not enlarged beyond its borders (see, Sherman v Robinson, supra, at 487; D'Amico v Christie, supra, at 83). Neither should the common law be expanded to impose liability upon a shop for indirect sales involving third-party minors (Sherman v Robinson, supra, at 489).

We have examined the plaintiffs' remaining contention and find it to be without merit. Lawrence, J. P., Ritter, Copertino and Santucci, JJ., concur.