■ ILDE A. SOTO et al., Appellants-Respondents, v ELISIO MONTANEZ et al., Respondents-Appellants, and GREYHOUND FOOD MANAGEMENT, INC., Respondent. (Appeal No. 1.) [608 NYS2d 36] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not err in dismissing plaintiffs' Dram Shop cause of action against defendants Casey and Montanez. Montanez was intoxicated when alcoholic beverages were sold or furnished to him. Casey was the owner of the vehicle driven by Montanez. Montanez's conduct in procuring alcoholic beverages while intoxicated does not constitute "assisting in procuring liquor for such intoxicated person" within the meaning of General Obligations Law § 11-101 [1]. That section imposes liability upon a person who, for example, provides the money for the procurement of alcoholic beverages for an intoxicated person or who actually procures such beverages for an intoxicated person *(cf., Slocum v D's & Jayes Val. Rest. & Cafe,* 182 AD2d 981; *Powers v Niagara Mohawk Power Corp.,* 129 AD2d 37). It does not impose Dram Shop liability upon the intoxicated individual who personally purchased the alcoholic beverages. Moreover, we perceive no basis for imposing Dram Shop liability vicariously upon the owner of a vehicle. Although plaintiffs have no Dram Shop cause of action against Casey and Montanez, Supreme Court properly denied the motion of those defendants for the imposition of sanctions pursuant to CPLR 8303-a for plaintiffs' prosecution of those causes of action.

It is unnecessary to consider whether Supreme Court erred in dismissing before trial plaintiffs' demand for punitive damages. The jury found that plaintiffs were not injured in their

means of support. Because that finding is not contrary to the weight of the evidence, plaintiffs are not entitled to recover actual or punitive damages *(see,* General Obligations Law § 11-101 [1]). (Appeals from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.