■ ANDREA J. DALRYMPLE, Appellant, v SOUTHLAND CORPORATION et al., Respondents, et al., Defendants. [609 NYS2d 284] — In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered May 28, 1992, as granted the motion by the respondents Southland Corporation and Third Clarkland Properties Corp. and the separate motion by the respondent Maryann Kwasnik for summary judgment, and dismissed the complaint insofar as it is asserted against them and all cross-claims asserted against them, and (2) so much of a judgment of the same court, dated June 19, 1992, as is entered thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiff allegedly sustained personal injuries when the defendant Jason O'Toole, who was intoxicated, pushed her through a glass door during a party held at the residence of the defendant Raymond Johnson, Jr., a minor. The beer allegedly consumed by O'Toole, a minor, was purchased at a 7-Eleven convenience store operated by the respondent Maryann Kwasnik, a franchisee of the respondents Southland Corporation and Third Clarkland Properties Corp.

It is settled that a convenience store selling alcoholic beverages may not be held liable, under statutory or common law, for personal injuries resulting from an indirect sale of alcoholic beverages to a minor absent any knowledge that the alcoholic beverages would be consumed by the particular minor *(see,* General Obligations Law §§ 11-100, 11-101; *see, Sherman v Robinson,* 80 NY2d 483; *Rann v Hamilton,* 194 AD2d 599). As the record clearly establishes that Johnson physically purchased the beer from the 7-Eleven store and that O'Toole did not accompany Johnson to that store, the Supreme Court properly awarded summary judgment to the respondents. Thompson, J. P., Santucci, Krausman and Florio, JJ., concur.