■ JOANN KINDZIERSKI, Individually and as Mother and Natural Guardian of CORRINE KINDZIERSKI, an Infant, Appellant, v ARTHUR J. FOSTER et al., Defendants, and JOSEPH A. LESZCZYNSKI et al., Respondents. [630 NYS2d 823] —Order unanimously reversed on the law without costs and motion denied in accordance with the following Memorandum: Corrine Kindzierski, Amy Beth Krampen, Brigette N. Gaskin, Kelly Timmons and Bill Daly were passengers in a car operated by Mark Drzal. All were under 21 years old. The Drzal vehicle collided with a vehicle owned and operated by defendant Arthur J. Foster. Drzal, Gaskin, Daly and Timmons were killed and Kindzierski and Krampen were seriously injured. Joann Kindzierski, individually and as mother and natural guardian of Corrine Kindzierski, Linda Krampen, individually and as mother and natural guardian of Amy Krampen, and Louise Gaskin, individually and as administratrix of the estate of Brigette Gaskin (plaintiffs), commenced these actions against various parties, including defendants Cumberland Farms (Cumberland) and Joseph Leszczynski, predicated upon negligence and the violation of General Obligations Law §§ 11-100 and 11-101.

Two days after the accident, Leszczynski, an employee of Cumberland at its convenience store in Cheektowaga, gave a statement to the police that, on February 2, 1990 at about 7:00 P.M., a person bought a 12-pack of beer after showing an identification card. Leszczynski was not wearing his glasses

and glanced at the card but "assumed" the person was "of age." About an hour later, that same person bought two more 12-packs of beer. The next day a friend called Leszczynski and told him about the accident and that it involved Drzal, who Leszczynski knew from school. Leszczynski looked at the school yearbook, saw a picture of Daly, and realized that Daly may have been the person who had bought the beer. In his statement, Leszczynski said, "[W]hen I Sold beer to the subject who showed me identification, I did not recogonize [sic] the subject to be Bill Daly but the subject looked familiar and said 'Joe' when he purchased the beer. At this time I am not sure it was even Bill Daly who did purchase the beer from me and showed me some I.D." In a subsequent affidavit, Leszczynski stated that he "did not see Mark C. Drzal on February 2, 1990 and did not know that he may have been with the individual who purchased the beer from me on February 2, 1990."

An examination before trial of Leszczynski was noticed but, before it was held, Cumberland and Leszczynski moved for summary judgment dismissing plaintiffs' complaints. In her affidavit in opposition, Krampen stated that the car was parked outside the Cumberland store and that Daly went into the store to buy beer. According to Krampen, Daly went in because he knew Leszczynski and because Leszczynski "would sell it to him." She stated, "We parked our automobile such that I was able to see Joe Leszczynski when Bill Daly approached him. Bill Daly did not have enough money and had to come out to the car to get more money which Mark Drzal gave to him. Joe Leszczynski looked over at the car during the purchase and Mark Drzal waived [sic] to him. Bill Daly went back into the store and bought the beer * * * Joe Leszczynski saw Bill Daly going back to the car and getting more money from Mark Drzal who handed it to Bill Daly through the driver's side window."

Supreme Court granted defendants' motion. That was error.

The General Obligations Law "is explicit in limiting liability for injuries caused by an intoxicated minor to the unlawful supply of alcoholic beverages *to that person* (General Obligations Law § 11-100 [1]; § 11-101 [1])" (*Sherman v Robinson*, 80 NY2d 483, 487). Although Krampen's belief of what Leszczynski saw may be inadmissible, plaintiffs are not precluded from attempting to raise an issue of fact whether there were circumstances "from which the requisite knowledge [of Leszczynski] could reasonably be inferred" that the beer was actually being sold or furnished to the young people outside (*Sherman v Robinson, supra*, at 488).

"Summary judgment is not justified where the existence of essential facts depends upon knowledge exclusively within the possession of the moving party and which might well be disclosed by cross-examination or examination before trial (CPLR 3212 [f]; *Terranova v Emil*, 20 NY2d 493, 497)" (*Baldasano v Bank of N. Y.*, 199 AD2d 184, 185; *see, Bruno v Home Mut. Ins. Co.*, 91 AD2d 1169; *Mack v Gregory Mem. Hosp.*, 90 AD2d 969). Further, "the credibility of persons possessed of exclusive knowledge of the facts should not be determined by affidavits [citation omitted] and where knowledge is a key fact at issue, and peculiarly within the possession of the movant himself, summary judgment will ordinarily be denied [citation omitted]" (*Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252, 262).

We, therefore, reverse the orders on appeal and deny defendants' motions for summary judgment without prejudice to renewal upon completion of the deposition of Leszczynski. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Lawton, P. J., Wesley, Davis and Boehm, JJ.