■ LINDA KRAMPEN, Individually and as Mother and Natural Guardian of AMY B. KRAMPEN, Respondent, v ARTHUR J. FOSTER et al., Defendants, and JOSPEH A. LESZCZYNSKI et al., Appellants. [664 NYS2d 900] —Order unanimously affirmed with costs. Memorandum: On the evening of February 2, 1990, Corrine Kindzierski, Amy Beth Krampen, Brigette Gaskin, Kelly Timmons, and Bill Daly were passengers in a car operated by Mark Drzal that was involved in a collision with another car. Drzal and three of the passengers, including Gaskin, were killed; Kindzierski and Krampen survived. All were under the age of 21. Earlier that same evening, defendant Joseph A. Leszczynski, an employee of defendant Cumberland Farms, Inc. (Cumberland), sold three 12-packs of beer to Daly at a Cumberland convenience store in Cheektowaga. Joann Kindzierski, individually and as mother and natural guardian of Corrine Kindzierski, Linda Krampen, individually and as mother and natural guardian of Amy Krampen, and Louise Gaskin, individually and as administratrix of the estate of Brigette Gaskin (plaintiffs), commenced actions against Cumberland and Leszczynski, among others, predicated upon negligence and the violation of General Obligations Law §§ 11-100 and 11-101. The complaints allege that Drzal consumed beer purchased at Cumberland and was intoxicated at the time of the accident.

A deposition of Leszczynski was noticed but, before it was held, defendants moved for summary judgment dismissing the complaints. Supreme Court granted the motions and plaintiffs appealed. We reversed without prejudice to renew the motions upon completion of the deposition of Leszczynski (*Kindzierski v Foster*, 217 AD2d 998). After Leszczynski's deposition was held, defendants again moved for summary judgment. Supreme Court denied the motions. We affirm.

In support of their motion, defendants submitted the statement of Leszczynski to the police, his affidavit, and his deposition testimony. Leszczynski told the police that, on February 2, 1990, at about 7:00 P.M., a person came into the store to buy a 12-pack of beer. The person showed him an identification card.

Leszczynski was not wearing his glasses and glanced at the card but assumed that the person was of legal age, and he sold him the beer. About an hour later, that same person came back and bought two more 12-packs of beer. The next day a friend called Leszczynski and told him about an accident that involved Drzal, who Leszczynski knew from school. Leszczynski looked at his school yearbook, saw a picture of Daly and realized that Daly may have been the person who bought the beer the previous evening. In his statement, Leszczynski said, "[W]hen I Sold beer to the subject who showed me identification, I did not recognize the subject to be Bill Daly but the subject looked familiar and said 'Joe' when he purchased the beer. At this time, I am not sure it was even Bill Daly who did purchase the beer from me and showed me some [identification]." In a subsequent affidavit, Leszczynski stated that he "did not see Mark C. Drzal on February 2, 1990, and did not know that he may have been with the individual who purchased the beer from me on February 2, 1990." Leszczynski testified at his deposition that he recognized Daly's picture in the yearbook as a face familiar from school, but he did not know Daly and did not recognize him as the person who purchased the beer; that he knew Drzal but did not see Drzal on the evening of the accident; and that he did not know whether Daly and Drzal were friends or that Drzal was with Daly when he purchased the beer. Defendants thereby met their initial burden of proof.

In opposition, plaintiffs submitted evidence sufficient to raise a triable issue of fact whether Leszczynski possessed "the requisite knowledge" that he was selling beer to Daly for consumption by Drzal (*Sherman v Robinson*, 80 NY2d 483, 488; *see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). Included in plaintiffs' submissions was an affidavit of Krampen, who averred that, after arriving at the store, she was able to see Leszczynski from where the car was parked, and that Daly went into the store because he was acquainted with Leszczynski. Krampen saw Daly enter the store and approach Leszczynski and, while the purchase took place, Leszczynski looked out at the car and Drzal waved to him. Plaintiffs also submitted an affidavit of Kindzierski, who averred that Drzal had pulled his car directly in front of the store window, and Kindzierski could clearly see Leszczynski from the car.

"In opposition to a motion for summary judgment, a plaintiff is entitled to every favorable inference which can be reasonably drawn from the evidence" (*Landisi v Beacon Community*

*Dev. Agency,* 180 AD2d 1000, 1002; *see, Strychalski v Mekus,* 54 AD2d 1068, 1069). Even if some of the statements in plaintiffs' submissions are hearsay, such hearsay in opposing a motion for summary judgment " 'is not to be shut out' " (*Phillips v Kantor & Co.,* 31 NY2d 307, 312; *see, Landisi v Beacon Community Dev. Agency, supra,* at 1002-1003). Based upon plaintiffs' submissions, a jury could reasonably infer that Leszczynski recognized Daly and saw Drzal in the parking lot, and that Leszczynski knew that Drzal was with Daly and that Daly was purchasing the beer for Drzal and the others in the car parked outside. Further, the testimony of Leszczynski at his deposition was inconsistent and also contradicted to some extent the statement he had previously given to the police. That conflicting evidence presents a credibility issue for the trier of fact (*see, Hirsh v Bert's Bikes & Sports,* 227 AD2d 956; *Fuller v Powers Funeral Home,* 214 AD2d 1045, 1046). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Hayes, Callahan and Boehm, JJ.