■ CANDI BREGARTNER et al., Appellants, v SOUTHLAND CORP. et al., Respondents. (Action No. 1.) DOUGLAS GROENE, Plaintiff, v MATTHEW ESPOSITO, Defendant. (Action No. 2.) WILLIAM MADIGAN, Plaintiff, v MATTHEW ESPOSITO et al., Defendants. (Action No. 3.) WILLIAM MADIGAN, Appellant, v SOUTHLAND CORP. et al., Respondents. (Action No. 4.) [683 NYS2d 286] —In related actions to recover damages for personal injuries, etc., the plaintiffs Candi Bregartner and Louis Bregartner in Action No. 1, the plaintiffs Cynthia Crockford and Margaret Albergo in Action No. 1, and the plaintiff William Madigan in Action No. 4 separately appeal from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 8, 1997, which granted the motion of the defendants The Southland Corp. and The Southland Employees Trust, the cross motion of the defendant Frank Grippi d/b/a 7-Eleven Food Stores, and the cross motion of the defendant Douglas Groene for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in Action Nos. 1 and 4, and (2) a judgment of the same court, entered November 21, 1997, dismissing the complaint and all cross claims insofar as asserted against the defendants The Southland Corp., The Southland Employees Trust, Frank Grippi d/b/a 7-Eleven Food Stores, and Douglas Groene, in Action Nos. 1 and 4.

Ordered that the appeals from the order are dismissed; and it is further,

Ordered that the judgment is modified by deleting the provision thereof dismissing the complaint and all cross claims insofar as asserted against the defendant Douglas Groene in

Action Nos. 1 and 4, and substituting therefor a provision reinstating so much of the complaint and cross claims as were asserted against the defendant Douglas Groene in Action Nos. 1 and 4, and vacating so much of the order as granted the cross motion of the defendant Douglas Groene; as so modified, the judgment is affirmed; and it is further,

Ordered that the defendants The Southland Corp., The Southland Employees Trust, and Frank Grippi d/b/a 7-Eleven Food Stores are awarded one bill of costs payable by the appellants appearing separately and filing separate briefs.

The appeals from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (*see,* CPLR 5501 [a] [1]).

A group of minors purchased beer at a 7-Eleven Store owned by the defendants The Southland Corp. and The Southland Employees Trust (hereinafter referred to collectively as Southland), and operated by the defendant Frank Grippi d/b/a 7-Eleven Food Stores (hereinafter Grippi). One of the minors, the defendant Douglas Groene, allegedly provided all of the money with which to purchase the beer. After consuming the beer, the minors were involved in a head-on collision with another vehicle. The various plaintiffs who were injured in the accident alleged, *inter alia,* that the minor driver of the car was intoxicated or impaired at the time of the accident and that the defendants sold him beer, and/or assisted in providing him with beer, in violation of General Obligations Law §§ 11-100 and 11-101.

The Supreme Court correctly granted the motion and cross motion of the defendants Southland and Grippi, respectively, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, as the plaintiffs were unable to present any evidence of a direct sale of alcohol by the 7-Eleven Store to the minor who was driving at the time of the accident (*see, Sherman v Robinson,* 80 NY2d 483; *Rann v Hamilton,* 194 AD2d 599; *Dalrymple v Southland Corp.,* 202 AD2d 548).

The Supreme Court erred, however, in granting the cross motion of the defendant Douglas Groene. The plaintiffs presented evidence tending to show that Groene provided some, if not all, of the money which was used to purchase beer on the night in question. This created a question of fact as to whether Groene assisted in procuring alcohol for the minor driver of the

car. The term "assisting in procuring" alcohol includes "using one's own money to purchase alcohol for another", and "contributing money to the purchase of alcohol" (*Slocum v D's & Jayes Val. Rest. & Cafe,* 182 AD2d 981, 982; *see also, Soto v Montanez,* 201 AD2d 875; *Dodge v Victory Mkts.,* 199 AD2d 917; *Powers v Niagara Mohawk Power Corp.,* 129 AD2d 37, 41). A question of fact also remains as to whether the minor driver of the car was intoxicated or impaired at the time of the accident, as the detective who investigated the accident noted that his eyes were glassy and that he had the smell of alcohol on his breath a short time after the accident. Mangano, P. J., Thompson, Santucci and McGinity, JJ., concur.