■ PAUL A. ZUCCARI, Individually and as Administrator of the Estate of ANDREW J. ZUCCARI, Deceased, Appellant, v ROBERT G. HOFFMAN, JR., et al., Respondents. [700 NYS2d 350] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of Wheatfield Post No. 1451 of the American Legion, Inc. (defendant) for summary judgment dismissing the complaint and any cross claims against it and denied plaintiff's cross motion for summary judgment. Plaintiff's decedent was killed when the all-terrain vehicle he was driving across the highway was struck by a pickup truck operated by defendant Robert G. Hoffman, Jr. Hoffman had become intoxicated while drinking beer at a picnic sponsored by the Groundhoggers Club, of which he was a member. The Groundhoggers Club had rented a pavilion on defendant's premises and had purchased the beer for the picnic from defendant. The picnic was conducted in a pavilion separate and apart from defendant's lounge and dining room, to which the Groundhoggers had no access. Hoffman drank beer continuously for approximately seven hours, until his departure from the picnic just prior to the accident.

Defendant met its initial burden of establishing as a matter of law that it cannot be held liable to plaintiff either for violation of the Dram Shop Act (*see*, General Obligations Law § 11-101) or in common-law negligence, and plaintiff failed to raise a triable issue of fact. Liability under General Obligations Law § 11-101 (1) lies in favor of one who is injured "by unlawful selling to * * * [any] intoxicated person". The statute must be read in conjunction with Alcoholic Beverage Control Law § 65, which proscribes sales of alcoholic beverages to, *inter alia*, "[a]ny visibly intoxicated person" (Alcoholic Beverage Control Law § 65 [2]; *see, Sherman v Robinson*, 80 NY2d 483, 487; *Senn v Scudieri*, 165 AD2d 346, 349; *Matalavage v Sadler*, 77 AD2d 39, 43). Defendant cannot be found in violation of the Dram Shop Act because it did not sell an alcoholic beverage directly to Hoffman. "The plain language of [section 11-101] specifies that the individual who by reason of intoxication causes injury must be the very person to whom defendant furnished the alcoholic beverages, or for whom they were procured" (*Sherman v Robinson, supra,* at 487). Even assuming, arguendo, that defendant sold the beer to Hoffman, we conclude that the sale did not occur at a time when he was

"visibly intoxicated" (*see, Jacobs v Amodeo*, 208 AD2d 1171, 1172). Finally, the court properly dismissed the common-law negligence cause of action (*see, D'Amico v Christie*, 71 NY2d 76, 85-86; *Blazynski v Gallagher*, 187 AD2d 1018). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Balio, JJ.