KENNETH M. AHIGIAN, as Administrator of the Estate of DESMOND Y. AHIGIAN, Deceased, Appellant, v KAITLIN DAVIS et al., Respondents. (Action No. 1.) [774 NYS2d 845]——

Rose, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered June 2, 2003 in Washington County, which, inter alia, granted a motion by defendant Cumberland Farms and Kevin Harsha for summary judgment dismissing the complaints against them.

These related actions arise out of a tragic one-car accident caused by the intoxication of the 18-year-old driver, defendant Kaitlin Davis. She consumed alcoholic beverages bought earlier the same day by defendant Philip Myers, who was then 23 years of age, from defendant Kevin Harsha, a clerk at a convenience store operated by defendant Cumberland Farms. Plaintiffs allege that the sale of alcohol to Myers violated General Obligations Law §§ 11-100 and 11-101 because the circumstances of the sale indicated that the alcohol was intended for Davis. Before discovery was completed, Harsha and Cumberland (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaints and all cross claims against them on the ground that no liability arises from the direct and lawful sale of alcohol to Myers. Supreme Court

agreed, granted defendants' motion and dismissed the complaints against them. Plaintiffs now appeal.

While conceding that Myers was over the minimum drinking age (*see* Alcoholic Beverage Control Law § 65) and there was no direct sale of alcohol to Davis, plaintiffs nonetheless contend that because Davis and another minor were visible to Harsha through the store's window while they sat in a car in the store's parking lot as Myers entered the store, returned to the car to consult with Davis and then purchased two six packs of an alcoholic beverage, defendants should have known that Davis was the true purchaser. We disagree. Inasmuch as there was a direct and lawful sale of alcoholic beverages to Myers, there is no liability here (*see* General Obligations Law §§ 11-100, 11-101; *Sherman v Robinson,* 80 NY2d 483, 487 [1992]; *Zuccari v Hoffman,* 267 AD2d 1067, 1067-1068 [1999]; *Dalrymple v Southland Corp.,* 202 AD2d 548, 549 [1994]; *Stewart v Taylor,* 167 AD2d 846, 847 [1990], *lv denied* 77 NY2d 805 [1991]). While there may be circumstances where a minor tortfeasor's participation in the purchase is so immediate and apparent to the seller that an exception to this rule could be found (*see Sherman v Robinson, supra* at 488), such circumstances are not present here. As plaintiffs failed to present anything more than speculation that the completion of discovery might uncover such circumstances (*see* CPLR 3212 [f]; *Cox v Maloney,* 262 AD2d 832, 833 [1999]), Supreme Court correctly granted defendants' motion for summary judgment dismissing the complaints against them.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.