# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1489**
**CA 12-01209**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

SAMIA GUTIERREZ, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

PIERCE A. DEVINE, KYLE TATUM, DEFENDANTS,
AND LUTZ BROTHERS, INC., DEFENDANT-RESPONDENT,

---

CAMPBELL & SHELTON LLP, EDEN (R. COLIN CAMPBELL OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LIPPMAN O'CONNOR, BUFFALO (ROBERT H. FLYNN OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered September 26, 2011. The order, inter alia, granted the motion of defendant Lutz Brothers, Inc. for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence and Dram Shop action seeking to recover damages for injuries she sustained when the vehicle in which she was a passenger struck a tree. The vehicle was operated by defendant Pierce A. Devine. Devine, a minor, tested positive for alcohol after the accident, and was charged with operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [3]) and vehicular assault in the second degree (Penal Law § 120.03 [1]). Before the accident, defendant Kyle Tatum, Tatum's girlfriend, and plaintiff drove to a gas station/convenience store owned and operated by Lutz Brothers, Inc. (defendant), and Devine met them there. Tatum, who was 17 years old at the time, purchased beer from the store using false identification. The four minors then drove to a beach on Lake Erie, where they drank beer for approximately two hours. When it started to rain, they dropped Tatum's car off at Devine's house, and drove in Devine's car to the home of Tatum's girlfriend to pick up a movie. The accident occurred when the group was driving back to Devine's house. Plaintiff appeals from an order that, inter alia, granted defendant's motion for summary judgment dismissing the second amended complaint against it. We affirm.

We note at the outset that, although the second amended complaint asserts a violation of General Obligations Law § 11-101, there is no

claim or evidence that defendant sold alcohol to anyone who was visibly intoxicated at the time of the sale in violation of that statute (see *Williams v TeDave Enters.*, 242 AD2d 861, 861). The analysis is therefore limited to whether plaintiff has a viable claim under General Obligations Law § 11-100. That statute provides in relevant part that "[a]ny person who shall be injured in person . . . by reason of the intoxication or impairment of ability of any person under the age of [21] years . . . shall have a right of action to recover actual damages against any person who knowingly causes such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages *for such person* with knowledge or reasonable cause to believe that such person was under the age of [21] years" (*id.* [emphasis added]). Thus, the General Obligations Law "explicit[ly] . . . limit[s] liability for injuries caused by an intoxicated minor to the unlawful supply of alcoholic beverages *to that person*" (*Sherman v Robinson*, 80 NY2d 483, 487). "The plain language of the [Dram Shop Act] specifies that the individual who by reason of intoxication causes injury must be the very person to whom defendant furnished the alcoholic beverages, or for whom they were procured" (*id.; see Jacobs v Amodeo*, 208 AD2d 1171, 1172; *Dodge v Victory Mkts.*, 199 AD2d 917, 919). Further, "liability under General Obligations Law § 11-100 may be imposed only on a person who knowingly causes intoxication by furnishing alcohol to (or assisting in the procurement of alcohol for) persons known or reasonably believed to be underage" (*Sherman*, 80 NY2d at 487-488).

Here, it is undisputed that defendant sold the alcohol at issue to Tatum and that Devine was the intoxicated person who caused plaintiff's injuries. There is no evidence that defendant knowingly sold or furnished alcoholic beverages to Devine, the underage tortfeasor, nor is there evidence that defendant assisted in procuring alcoholic beverages for Devine. Rather, the unlawful transaction was with Tatum (see *Bregartner v Southland Corp.*, 257 AD2d 554, 555; *Dalrymple v Southland Corp.*, 202 AD2d 548, 549).

Contrary to plaintiff's contention, "[n]othing in the General Obligations Law imposed upon defendant [convenience store owner] a duty . . . to investigate possible ultimate consumers in the parking lot beyond its doors" (*Sherman*, 80 NY2d at 488). Plaintiff's reliance on our decision in *Krampen v Foster* (242 AD2d 913) is misplaced. In *Krampen*, although the alcohol was not sold directly to the driver, the plaintiffs presented evidence that the store clerk knew both the purchaser and the driver (*id.* at 914). While the purchase took place, the store clerk looked out the window at the driver's car, which was parked directly in front of the store window, and the driver waved to the store clerk (*id.*). There is no such evidence in this case. Here, the record establishes that none of defendant's employees knew Tatum, Devine, or any of their companions, and the minors likewise did not know any of defendant's employees. Further, unlike in *Krampen*, plaintiff submitted no evidence that any of defendant's employees saw the people or activities in the parking lot. Thus, because plaintiff's injuries were not caused by the minor who purchased the alcohol, there can be no liability under the Dram Shop Act (see

*Sherman*, 80 NY2d at 487; *Krampen*, 242 AD2d at 914), and the court therefore properly granted that part of defendant's motion for summary judgment dismissing the Dram Shop cause of action against it.

Finally, it is well settled that there is no common-law cause of action for the negligent provision of alcohol (*see Murphy v Cominsky*, 100 AD3d 1493, 1495; *O'Neill v Ithaca Coll.*, 56 AD3d 869, 872; *McGlynn v St. Andrew Apostle Church*, 304 AD2d 372, 373, *lv denied* 100 NY2d 508; *see generally D'Amico v Christie*, 71 NY2d 76, 84-85), and the court therefore also properly granted that part of defendant's motion for summary judgment dismissing the common-law negligence cause of action against defendant.

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court