Ferber v Olde Erie Brew Pub & Grill, LLC (2018 NY Slip Op 03827)





Ferber v Olde Erie Brew Pub & Grill, LLC


2018 NY Slip Op 03827


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-03939
 (Index No. 3146/13)

[*1]Matthew Ferber, appellant, 
v
Olde Erie Brew Pub & Grill, LLC, etc., et al., defendants, Valjon, Inc., doing business as Hacienda, respondent.


Bardavid Law, P.C., New York, NY (Joshua E. Bardavid of counsel), for appellant.
Fitzpatrick & Hunt, Pagano & Aubert, LLP, White Plains, NY (John M. Socolow of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated February 17, 2016. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of General Obligations Law § 11-101 against the defendant Valjon, Inc., doing business as Hacienda, and granted the cross motion of that defendant for summary judgment dismissing that cause of action insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On the evening of February 1, 2013, the plaintiff met John A. Behler, who was then 20 years old, and two other people at Valjon, Inc., doing business as Hacienda (hereinafter Hacienda), for food and drinks. The group then went to two more commercial establishments, where they consumed additional alcoholic beverages. Shortly after midnight, the plaintiff was a passenger in a vehicle operated by Behler (hereinafter the driver) when it crashed into a median guiderail barrier, causing the plaintiff to sustain serious injuries. The plaintiff thereafter commenced this action to recover damages for personal injuries against, among others, Hacienda. In relevant part, the plaintiff alleged that Hacienda violated General Obligations Law § 11-101, known as the Dram Shop Act, by unlawfully serving alcoholic beverages to the driver, who was under 21 years of age. The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of General Obligations Law § 11-101 against Hacienda, and Hacienda cross-moved for summary judgment dismissing that cause of action insofar as asserted against it. The Supreme Court denied the motion and granted the cross motion. The plaintiff appeals, and we affirm.
General Obligations Law § 11-101, which applies only to the commercial sale of alcohol (see D'Amico v Christie, 71 NY2d 76, 83), provides that a party who "unlawfully" sells alcohol to another person is liable for injuries caused by reason of that person's intoxication (see Sherman v Robinson, 80 NY2d 483, 486-487). In 1983, the Legislature supplemented the Dram Shop Act by adding General Obligation Law § 11-100, which applies to any provider unlawfully furnishing alcoholic beverages to or unlawfully assisting in procuring alcoholic beverages for minors. Pursuant to Alcoholic Beverage Control Law § 65(1), it is unlawful to furnish an alcoholic [*2]beverage to any "person, actually or apparently, under the age of twenty-one years" (see Sherman v Robinson, 80 NY2d at 486-487). "[L]iability under General Obligations Law § 11-100 may be imposed only on a person who knowingly causes intoxication by furnishing alcohol to (or assisting in the procurement of alcohol for) persons known or reasonably believed to be underage. While [General Obligations Law § ] 11-101 does not explicitly refer to knowledge, that same requirement must be inferred because the legislative history makes plain that section 11-100 was intended to parallel the Dram Shop Act" (Sherman v Robinson, 80 NY2d at 487-488; see Tansey v Coscia, 159 AD3d 850; Johnson v Verona Oil, 36 AD3d 991, 993).
Here, the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of General Obligations Law § 11-101 against Hacienda, and Hacienda demonstrated its prima facie entitlement to judgment as a matter of law dismissing that cause of action insofar as asserted against it. Hacienda established through the submission of the deposition testimony of its bartender that it did not have knowledge or reason to believe that the driver was under 21 years of age when it served alcoholic beverages to him. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of General Obligations Law § 11-101 against Hacienda, and granting Hacienda's cross motion for summary judgment dismissing that cause of action insofar as asserted against it.
The plaintiff's remaining contentions are without merit.
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court