■ SHANNON MACGILVRAY, Plaintiff, v MICHAEL DENINO, Defendant and Third-Party Plaintiff-Respondent. LADY J. ENTERPRISES, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants.—In an action to recover damages for personal injuries, the third-party defendant Lady J. Enterprises, Inc., appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated July 1, 1988, which denied its motion to dismiss the third-party complaint as against it.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion to dismiss the third-party complaint as against it is granted.

This is an action to recover damages for personal injuries allegedly sustained as the result of an altercation between the plaintiff, Shannon MacGilvray, and the defendant, Michael Denino, in a parking lot in the Village of Freeport, Nassau County.

Following joinder of issue, Denino (hereinafter the respondent) commenced a third-party action, *inter alia,* against Lady J. Enterprises, Inc. (hereinafter the appellant). The third-party complaint alleged that the appellant owned a charter boat called the *"Lady J IV"* which was berthed at Freeport's facilities and that on the date of the incident it had been chartered to Josephine Muliso for a birthday party. It further alleged that the appellants were negligent in knowingly permitting the consumption of alcoholic beverages aboard their vessel by persons under the age of 21 who attended the party and that the plaintiff was injured as a result of the availability of these alcoholic beverages. Accordingly, the respondent sought, *inter alia,* indemnity from the appellants.

The appellants moved to dismiss the third-party complaint insofar as asserted against them for failure to state a cause of action. The Supreme Court denied the motion, and this appeal ensued. We reverse.

While we recognize that in considering a motion to dismiss a complaint, a court must draw all inferences favorable to the plaintiff *(see, Katz v American Tech. Indus.,* 96 AD2d 932), and that third-party complaints are entitled to a more liberal reading than others *(see, Taft v Shaffer Trucking,* 52 AD2d

255, 257; *Braun v City of New York,* 17 AD2d 264, 268), even when viewed in this context, we find that the third-party complaint should have been dismissed as against the appellant.

Contrary to the respondent's contention, the third-party complaint did not state a cause of action under General Obligations Law § 11-100, since that statute only provides for a "right of action to recover actual damages against any person who knowingly causes [another person's] intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that such person was under the age of twenty-one years" (General Obligations Law § 11-100 [1]). Nowhere in the third-party complaint, however, is it alleged that the appellant unlawfully furnished or assisted in the procuring of alcoholic beverages for anyone. As an exception to the common law, General Obligations Law § 11-100 must be construed narrowly *(see, e.g., D'Amico v Christie,* 71 NY2d 76) and, therefore, we conclude that the statute does not encompass liability based upon mere knowledge of alcohol consumption.

The respondent's contention that the third-party complaint, nevertheless, states a cause of action under either Penal Law § 260.20 (4) or Alcoholic Beverage Control Law § 65 is also without merit *(see, Sheehy v Big Flats Community Day,* 137 AD2d 160; *Greer v Ferrizz,* 118 AD2d 536; *but see, Stambach v Pierce,* 136 AD2d 329).

Accordingly, the appellant's motion to dismiss the third-party complaint as against it should have been granted. Mollen, P. J., Bracken, Eiber and Harwood, JJ., concur.