■ LARA PELINSKY et al., Appellants, v TODD C. ROCKENSIES et al., Defendants, and ARNOLD SOKOLOFF et al., Respondents. (Action No. 1.) THERESA CONSTANZO et al., Appellants, v TOWNSHIP OF HEMPSTEAD et al., Defendants, and ARNOLD SOKOLOFF et al., Respondents. (Action No. 2.) (And Other Titles.) [618 NYS2d 103] —In related actions to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Brucia, J.), entered May 3, 1993, which granted the motion of the defendants Arnold Sokoloff and Carolyn Sokoloff for summary judgment dismissing the  complaints insofar as they are asserted against them.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly determined that no action against the defendants Arnold and Carolyn Sokoloff was viable under General Obligations Law § 11-100. General Obligations Law § 11-100 (1) provides in relevant part that: "[a]ny person who shall be injured * * * by reason of the intoxication * * * of any person under the age of twenty-one years * * * shall have a right of action * * * against any person who knowingly causes such intoxication * * * by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages".

This Court has held that General Obligations Law § 11-100 is not applicable to the homeowner who has neither supplied alcohol to nor procured alcohol for consumption by an underage person *(see, MacGilvray v Denino,* 149 AD2d 571). Therefore, the court properly granted the motion for summary judgment. Lawrence, J. P., O'Brien, Joy and Altman, JJ., concur.