■ CAROL RUST, Appellant, v ARTHUR REYER et al., Defendants, and HEIDI REYER, Respondent. [652 NYS2d 309] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated November 28, 1995, as granted that branch of the motion of the defendants Arthur Reyer, Sheila Reyer, and Heidi Reyer which was for summary judgment dismissing the second cause of action insofar as asserted against Heidi Reyer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that there was no viable cause of action against the defendant Heidi Reyer under General Obligations Law § 11-100. General Obligations Law § 11-100 (1) provides, in relevant part, that: "[a]ny person who shall be injured * * * by reason of the intoxication * * * of any person under the age of twenty-one years * * * shall have a right of action * * * against any person who knowingly causes such intoxication * * * by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages".

General Obligations Law § 11-100 is not applicable to a homeowner who has neither supplied alcohol to nor procured alcohol for consumption by an underage person (*see, Pelinsky v Rockensies,* 209 AD2d 392; *MacGilvray v Denino,* 149 AD2d 571). Moreover, there is no evidence that Heidi Reyer, the host of a party in her parents' home, knowingly caused the intoxication of any of her guests. Finally, as an exception to the common law, General Obligations Law § 11-100 must be construed narrowly and, therefore, it does not encompass liability based upon mere knowledge of alcohol consumption (*see, D'Amico v Christie,* 71 NY2d 76; *MacGilvray v Denino,* 149 AD2d 571, *supra*). O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.