■ WILLIAM W. LANE, Respondent, v WILLIAM P. BARKER, Respondent, and GARY L. KEEHFUS et al., Appellants. [660 NYS2d 194] —Crew III, J. Appeal from an order of the Supreme Court (Keegan, J.), entered September 19, 1996 in Albany County, which, *inter alia*, denied a motion by defendants Gary L. Keehfus, Jean D. Keehfus and Todd Keehfus for summary judgment dismissing the complaint against them.

Plaintiff sustained injuries inflicted upon him by defendant William P. Barker, who allegedly became intoxicated while attending a party at the home of defendants Gary L. Keehfus and Jean D. Keehfus (hereinafter the parents), which was hosted by their son, defendant Todd Keehfus. As the result of the assault, plaintiff commenced this action against, among others, the parents and Todd Keehfus (hereinafter collectively referred to as defendants) asserting violations of General Obligations Law § 11-100 and common-law negligence. Following the service of an answer and extensive discovery, defendants moved for summary judgment dismissing the complaint against them. Supreme Court denied the motion and this appeal ensued.

It is clear from the record that the parents authorized their son, an adult, to host a party at their residence and that they knew alcohol would be consumed at the affair. The record further reveals that they knew or should have known that minors would be in attendance and that they instructed their son to be sure that there was no underage drinking. The record is equally clear, however, that the parents did not procure or furnish the alcohol that was consumed at the party, nor did they provide

funds for that purpose. Inasmuch as General Obligations Law § 11-100 mandates that a person "furnish" or "procure" alcoholic beverages as a predicate for liability, Supreme Court erred in denying summary judgment as to the parents with regard to the third cause of action of plaintiff's complaint (*see, e.g., Rust v Reyer*, 235 AD2d 413; *Pelinsky v Rockensies*, 209 AD2d 392).

We arrive at a different conclusion as to Supreme Court's denial of Todd Keehfus' motion for summary judgment in this regard. The record makes plain that he procured and furnished alcoholic beverages for the party, and there exists a question of fact as to whether Barker was intoxicated at the time of the underlying altercation. Thus, Supreme Court quite properly denied the motion for summary judgment as to Todd Keehfus.

Turning next to defendants' motion for summary judgment dismissing plaintiff's cause of action for common-law negligence, it is axiomatic that "[l]andowners * * * have a duty to act in a reasonable manner to prevent harm to those on their property * * * [which includes the] duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie*, 71 NY2d 76, 85 [citation omitted]). Here, the record reveals that the parents were present at their home when the altercation took place and there is evidence from which it could be inferred that they knew or should have known that as many as one half of the 75 to 100 guests were minors, many of whom were drinking. Under the circumstances, a question of fact exists as to whether it was foreseeable "that someone would get drunk at the party, engage in a fight, and cause injury to a third party" (*Comeau v Lucas*, 90 AD2d 674, 675). The same question of fact exists as to Todd Keehfus, inasmuch as he was acting as his parents' agent at the time of plaintiff's injury and owed plaintiff the same duty to prevent an unreasonable risk of harm as did his parents (*see, id.*).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied summary judgment to defendants Gary L. Keehfus and Jean D. Keehfus as to the third cause of action; motion granted to that extent, partial summary judgment granted to said defendants and said cause of action dismissed against them; and, as so modified, affirmed.