■ DAVID J. WALTERS, Appellant, v DARREN STERNLIEB et al., Respondents. [679 NYS2d 639] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 8, 1997, which denied his motion to unseal certain records, (2) an order of the same court, dated May 14, 1997, which granted the motion of the defendants Charles and Robin Meade for summary judgment dismissing the complaint insofar as asserted against them, (3) an order of the same court, dated September 22, 1997, which denied his motion for renewal of the motion of the defendants Meade for summary judgment, and (4) a judgment of the same court, entered October 27, 1997, which, *inter alia,* upon severing the action against the defendant Darren Sternlieb, is in favor of the defendants Meade and

against the plaintiff dismissing the complaint insofar as it is asserted against the Meades.

Ordered that the order dated May 8, 1997, is affirmed, and it is further,

Ordered that the appeals from the orders dated May 14, 1997, and September 22, 1997, are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents Meade are awarded one bill of costs.

The appeal from the intermediate orders dated May 14, 1997, and September 22, 1997, concerning summary judgment dismissing the complaint insofar as asserted against the defendants Charles and Robin Meade must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action in favor of the Meades (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from those orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

There is no evidence in the record that the defendants Charles and Robin Meade procured or assisted in procuring alcoholic beverages for the codefendant Darren Sternlieb (*see,* General Obligations Law § 11-100; *Rust v Reyer,* 91 NY2d 355, 359; *Reickert v Misciagna,* 183 AD2d 151, 155; *MacGilvray v Denino,* 149 AD2d 571). Further, since the assault did not occur on the property of the defendants Meade, or on an area within their control, liability cannot be predicated on the common-law duty of landowners "to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie,* 71 NY2d 76, 85; *Stackpoole v Knights of Columbus,* 236 AD2d 532, 533; *Diakakis v Bedrick,* 236 AD2d 274).

The appellant's remaining contention is without merit. Bracken, J. P., Copertino, Goldstein and McGinity, JJ., concur.