■ MICHAEL MUJSCE, Respondent, v YVETTE N. POWELL, Defendant, and EAST END SQUARE CLUB, INC., Doing Business as CLUB 91, Appellant. [695 NYS2d 378] —In an action to recover damages for personal injuries, the defendant East End Square Club, Inc., d/b/a Club 91 appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 28, 1998, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellant's motion which was for summary judgment dismissing the plaintiff's cause of action sounding in negligence insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On June 3, 1995, an altercation occurred between the plaintiff and the defendant Yvette N. Powell, resulting in serious injury to the plaintiff. The altercation occurred on a public

sidewalk in front of a store near the appellant's premises. The plaintiff and Powell had both just left the appellant's premises, where alcoholic beverages were sold, but the plaintiff admits he did not take notice of Ms. Powell and he did not have any arguments or disputes with anyone while inside the appellant's premises (*see, Walters v Sternlieb*, 255 AD2d 309). There was no evidence that the altercation between Powell and the plaintiff could have been anticipated (*see, Garofalo v Henrietta Italia, Inc.*, 175 AD2d 580, 581).

However, there exist material issues of fact which preclude the grant of summary judgment to the appellant dismissing the plaintiff's cause of action based upon the Dram Shop Act (*see,* General Obligations Law § 11-101 [1]; *Jones v Kelly,* 201 AD2d 536). Bracken, J. P., O'Brien, Friedmann and Goldstein, JJ., concur.