(April 10, 2003)

■ Dennis E. McGlynn, Jr., et al., Appellants-Respondents, v St. Andrew the Apostle Church et al., Respondents, and Andrea Levkulich et al., Respondents-Appellants, et al., Defendants. [761 NYS2d 151] —Order, Supreme Court, New York County (Yvonne Gonzalez, J.), entered on or about June 28, 2001, which, in an action to recover for personal injuries sustained in an assault committed by allegedly intoxicated underage person or persons, granted the motions of defendants St. Andrew the Apostle Church (the Church), the Byzantine Catholic Diocese of Passaic (the Diocese), Alpat Elmont Products, Ltd. (Alpat), Angelo Manginelli and Domenico Lombardozzi for summary judgment dismissing the complaint and all cross claims as against them, and denied the motions of defendants Philip Pascarella and Andrea, George and Salome Levkulich (the Levkuliches) for summary judgment dismissing the complaint and all cross claims as against them, unanimously modified, on the law, to grant Pascarella's motion for summary judgment with respect to all claims based on General Obligations Law §§ 11-101 and 11-103 and common-law negligence, to grant the Levkuliches' motion for summary judgment with respect to all claims based on General Obligations Law § 11-101, to grant George and Salome Levkulich's motion for summary judgment with respect to all claims based on General Obligations Law § 11-100 and common-law negligence, and to deny Manginelli's motion for summary judgment, and otherwise affirmed, without costs. Appeal from decision, same court and Justice, entered April 19, 2001, unanimously dismissed, without costs.

Concerning plaintiffs' common-law claims, although the Church, as owner of the premises where the injured plaintiff was attacked, owed him a duty "to keep its premises free of known dangerous conditions, which may include intoxicated guests" (*D'Amico v Christie*, 71 NY2d 76, 85 [1987]), the Church did not host the party at which such drinking took place, but merely permitted Andrea Levkulich (Andrea), then a 20-year-old parishioner, to use its hall in exchange for a $100 donation. Under these circumstances, the Church was not under a duty to supervise Andrea's party or otherwise retain control of its premises (*see id.* at 86; *Cavanaugh v Knights of Columbus Council 4360*, 142 AD2d 202 [1988], *lv denied* 74 NY2d 604 [1989]). Nor can the Diocese, Andrea's parents, George and Salome Levkulich (Mr. and Mrs. Levkulich), who were present at the party, or Pascarella, who allegedly was one of the few, if not the only, adults at the party after Mr. and Mrs. Levkulich

left, be held liable on a common-law theory of failure to supervise intoxicated underage persons, since they were not the owners of the premises (*cf. D'Amico,* 71 NY2d at 85; *compare Lane v Barker,* 241 AD2d 739, 740 [1997], citing *Comeau v Lucas,* 90 AD2d 674, 675 [1982]), and do not fall under any of the recognized exceptions to the common-law rule that "[a] defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others" (*D'Amico,* 71 NY2d at 88; *see Cavanaugh,* 142 AD2d at 204). Since the claim of common-law negligence against Andrea based on failure to supervise stands on a different footing, she is not entitled to summary judgment on this claim. The claims against Pascarella and the Levkuliches for negligent provision of alcohol should have been dismissed since no such cause of action exists at common law (*see D'Amico* at 83, 85).

Concerning plaintiffs' statutory claims, Pascarella's and the Levkuliches' motions for summary judgment dismissing the claims based on General Obligations Law § 11-101 should have been granted since it is undisputed that the guests were not charged for the beer served at the party (*see D'Amico,* 71 NY2d at 83-84). The claim against Alpat based on General Obligations Law §§ 11-100 and 11-101 was properly dismissed since it did not sell alcohol to the person(s) who assaulted plaintiff (*see Sherman v Robinson,* 80 NY2d 483, 487 [1992]; *Rann v Hamilton,* 194 AD2d 599 [1993]; *Jacobs v Amodeo,* 208 AD2d 1171 [1994]). As against the Church, the section 11-100 claim would not be viable even if it knew that there would be beer at the party, and was properly dismissed upon a record establishing that the Church did not play an "indispensable role" in making the beer available to the underage persons on its premises (*see Rust v Reyer,* 91 NY2d 355, 361 [1998]). Similarly, the section 11-100 claim was properly dismissed as against the Diocese, whose alleged liability appears to be wholly derivative of the Church's, and as against Mr. and Mrs. Levkulich upon a record establishing they were "passive participant[s] who merely knew of the underage drinking and did nothing else to encourage it" (*id.; see also Lane,* 241 AD2d at 739-740). However, the section 11-100 claim was properly sustained as against Andrea since she both procured and furnished the beer, and as against Pascarella in view of the conflicting deposition testimony as to whether he assisted in procuring the beer. The claim against Pascarella based on General Obligations Law § 11-103 should have been dismissed because alcohol is not a controlled substance, and there is no evidence that Pascarella sold or assisted in procuring the marijuana consumed by defendant Alexis Cataldo, who confessed to the assault.

Because plaintiffs proffered no admissible evidence with respect to Lombardozzi to controvert Cataldo's sworn testimony that he alone attacked the injured plaintiff, the IAS court properly granted Lombardozzi's motion for summary judgment. In contrast, because Pascarella's deposition testimony raised an issue of fact as to Manginelli's involvement in the attack, Manginelli's motion should have been denied. In that regard, plaintiff, given his inability due to the injuries sustained to recall the incident, is entitled to a lessened burden of proof (*Schechter v Klanfer*, 28 NY2d 228, 231-232 [1971]).

The decision and order of this Court entered herein on November 19, 2002 (299 AD2d 232) is hereby recalled and vacated. Concur—Buckley, P.J., Sullivan, Friedman and Gonzalez, JJ.