Cardona, EJ.
Cross appeals from an order of the Supreme Court (Garry, J.), entered December 26, 2007 in Tompkins County, which, among other things, partially granted a motion by third-party defendant Dustin Adams for summary judgment dismissing the third-party complaint against him.
On October 22, 2004, plaintiff Ellie Grace O’Neill (hereinafter plaintiff), at that time a 19-year-old college sophomore, sustained serious injuries when she fell from a third-floor balcony attached to a student apartment in a residential building on defendant’s campus after she stepped outside “to get some fresh air.” At the time of the accident, plaintiff was attending a birthday party for third-party defendant Simon Folkard, one of the five students who shared the apartment.
In the complaint, plaintiff and her parents, derivatively, alleged that defendant is liable for her injuries because, among other things, the balcony and its railings were unsafe and negligently designed. Following joinder of issue, defendant commenced a third-party contribution action against the architect who designed the balcony and railings, as well as the five students who shared the subject apartment. The causes of ac *870 tion against the students alleged that they were liable for contribution pursuant to General Obligations Law § 11-100 and under a theory of common-law negligence. According to defendant, plaintiff’s accident was caused, in whole or part, by intoxication resulting from her alleged consumption of alcoholic beverages provided by the students hosting the party.
After discovery, two of the students, third-party defendants Michael O’Connell and Dustin Adams, each moved for summary judgment dismissing the third-party complaint against them. Supreme Court granted O’Connell’s motion in its entirety and partially granted Adams’ motion by dismissing the claim of contribution based on common-law negligence. These cross appeals - ensued.
Turning first to defendant’s statutory claim, we conclude that Supreme Court properly applied General Obligations Law § 11-100 (1) with respect to the summary judgment motions of Adams and O’Connell. In order to establish statutory liability, defendant would be required to demonstrate that it sustained injury: “by reason of the intoxication or impairment of ability of any person under the age of [21] years . . . [which resulted in] a right of action to recover actual damages against any person who knowingly cause[d] such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that such person was under the age of [21] years” (General Obligations Law § 11-100 [1]).
In this case, defendant maintains that the “actual damages” it sustained for purposes of the statute emanate from the fact that, if it is ultimately held to be liable to plaintiffs in the primary negligence action, then that liability was caused, at least in part, by the students’ actions in furnishing the alcohol that was voluntarily consumed by plaintiff (see generally Johnson v Plotkin, 172 AD2d 88 [1991], lv dismissed 79 NY2d 977 [1992]). Significantly, beyond the explicit acts of purchasing for, or directly giving alcohol to, a minor, one who chooses to “participate in a scheme to furnish alcohol to underage individuals” may be considered to have furnished or assisted in procuring alcohol pursuant to the statute (Rust v Reyer, 91 NY2d 355, 359-360 [1998] [internal quotation marks omitted]). This is particularly so if that person played an “indispensable role” in making the alcohol available (id. at 361). Thus, we must determine if the record contains questions of fact as to whether Adams and/or O’Connell unlawfully furnished or assisted in procuring alcohol for plaintiff.
Notably, the record indicates that neither Adams nor *871 O’Connell actually purchased or contributed any money for the alcohol at the party, although Adams stated that he drove third-party defendant Michael Gordon to the store so that he could do so. Adams also admittedly drank a “shot” of liquor with plaintiff at the party. This proof, when viewed in the light most favorable to defendant, discloses a question of fact as to whether Adams assisted in furnishing alcohol to plaintiff. Accordingly, we conclude that Supreme Court properly denied Adams’ motion for summary judgment dismissing defendant’s cause of action pursuant to the General Obligations Law.
In contrast to the evidence with respect to Adams, the record discloses that, aside from knowing that alcohol was being purchased for the party and that underaged persons might attend, there is nothing that would raise an inference that O’Connell played an indispensable role or actively assisted in procuring the alcohol for plaintiff; in fact, he did not know that plaintiff was at the party until after the accident. Given the sparsity of proof that O’Connell was anything other than a “passive participant who merely knew of the underage drinking and did nothing else to encourage it” (id. at 361), Supreme Court properly granted his motion for summary judgment dismissing the statutory claim.
Turning our attention to the causes of action against Adams and O’Connell seeking contribution based upon a claim of common-law negligence, defendant offers various theories in support of its argument that Supreme Court erred in dismissing those claims. Significantly, for contribution to be available, there generally must be a breach of duty by a party from whom contribution is sought and the breach “ ‘must have had a part in causing or augmenting the injury for which contribution is sought’ ” (Raquet v Braun, 90 NY2d 177, 183 [1997], quoting Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 71 NY2d 599, 603 [1988]). Here, defendant maintains that Adams and O’Connell are potentially liable because they breached a duty owed to both defendant and plaintiff to control or supervise the activities of guests at their party (see D’Amico v Christie, 71 NY2d 76, 85 [1987]). However, while social hosts may be found liable where a factual issue has been presented regarding “whether it was foreseeable ‘that someone would get drunk at [a] party, engage in a fight, and cause injury to a third party’ ” (Lane v Barker, 241 AD2d 739, 740 [1997], quoting Comeau v Lucas, 90 AD2d 674, 675, [1982]; accord Crowningshield v Proctor, 31 AD3d 1001, 1003 [2006]; see Smith v Taylor, 304 AD2d 902, 904 [2003]), in this case, there was no fight nor was there proof of any uncontrolled party guests that may have led to a *872 dangerous situation. In fact, there is no proof that a third person was involved in any way with plaintiffs fall from the balcony. Furthermore, despite proof that plaintiff drank alcohol at the party, there is no proof in this record that her consumption was anything other than voluntary (compare Oja v Grand Ch. of Theta Chi Fraternity, 257 AD2d 924, 925 [1999]) or that her actions needed to be controlled because she was stumbling, slurring her speech or unable to control her physical abilities (see e.g. Dollar v O’Hearn, 248 AD2d 886, 887 [1998]).
Next, defendant argues that Adams and O’Connell breached a duty specifically owed to it to reasonably prevent or control underage drinking at the campus apartment. Notably, as pointed out by defendant, “in certain cases, contribution will lie where the party from whom it is sought breached a duty owed exclusively to the party seeking it, rather than to the injured plaintiff’ (23 NY Jur 2d, Contribution, Indemnity, and Subrogation § 31, at 49; see Raquet v Braun, 90 NY2d at 182-183; Sommer v Federal Signal Corp., 79 NY2d 540, 559 [1992]). Here, however, defendant has not identified or established any cognizable breach of duty owed directly to it in that regard. While it is true that furnishing alcohol to persons under the age of 21 years is prohibited under most circumstances (see Alcoholic Beverage Control Law § 65 [1]; General Obligations Law § 11-100 [1]), there is no common-law cause of action for the “negligent provision of alcohol” (McGlynn v St. Andrew Apostle Church, 304 AD2d 372, 373 [2003], lv denied 100 NY2d 508 [2003]; see D’Amico v Christie, 71 NY2d at 85). Thus, Supreme Court properly granted summary judgment to Adams and O’Connell dismissing the claims based on common-law negligence.
All remaining contentions not explicitly addressed above have been examined and found to be unpersuasive.
Peters, Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs. [See 18 Misc 3d 1113(A), 2007 NY Slip Op 52506(U) (2007).]