██ ELLIE GRACE O'NEILL et al., Plaintiffs, v ITHACA COLLEGE, Defendant and Third-Party Plaintiff-Appellant. SIMON FOLKARD, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [876 NYS2d 784]—

Cardona, P.J. Appeal from an order of the Supreme Court (Garry, J.), entered July 21, 2008 in Tompkins County, which granted third-party defendant Simon Folkard's motion for summary judgment dismissing the third-party complaint against him.

The underlying facts are more fully set forth in a prior appeal in this matter (56 AD3d 869 [2008]). Briefly stated, on October 22, 2004, plaintiff Ellie Grace O'Neill (hereinafter plaintiff), then a 19-year-old college sophomore, attended a surprise party for third-party defendant Simon Folkard. The party was held at a campus apartment owned by defendant which Folkard shared with four other roommates. Plaintiff commenced this litigation against defendant seeking damages for serious injuries she sustained when, after consuming a quantity of alcohol, she fell from a third-floor balcony. Defendant subsequently commenced a third-party contribution action against, among others, Folkard and his roommates, alleging a violation of General Obligations

Law § 11-100, as well as common-law negligence.[1] After discovery, Folkard moved for summary judgment dismissing the third-party complaint against him. Supreme Court granted that motion, prompting this appeal by defendant.

Initially, defendant contends that Supreme Court incorrectly granted summary judgment to Folkard dismissing defendant's General Obligations Law § 11-100 (1) claim.[2] According to defendant, the record contains factual issues as to whether Folkard furnished alcohol to plaintiff as contemplated by the statute, thereby exposing defendant to potential liability (56 AD3d at 870-872). We disagree. Unlike the situation presented in the prior appeal with respect to Folkard's roommate, third-party defendant Dustin Adams, we do not agree that the evidence on this motion presents "a question of fact as to whether [Folkard] assisted in furnishing alcohol to plaintiff" (id. at 871). It is undisputed that this was a surprise party for Folkard and he did not invite the guests or purchase, procure or obtain any alcohol for the purpose of serving it to those guests. According to Folkard's unrefuted affidavit, he never met plaintiff before the party and did not "know that there were any guests under the age of twenty-one (21) present," other than his sister.[3] Moreover, while Folkard did acknowledge that plaintiff might have been included in the large group of people with whom he drank a "shot" of alcohol at the party, even viewing that evidence in a light most favorable to defendant (see *Gray v Delaware Equip. Servs., Inc.*, 56 AD3d 1006, 1007 [2008]), it does not raise a

---

1. Following summary judgment motions by two of Folkard's roommates, Supreme Court dismissed the third-party complaint in its entirety against third-party defendant Michael O'Connell and dismissed the common-law negligence contribution claim against third-party defendant Dustin Adams. This Court affirmed that order (56 AD3d at 870-872).

2. To establish statutory liability under that section, defendant must demonstrate that it sustained injury "by reason of the intoxication or impairment of ability of any person under the age of [21] years . . . [which resulted in] a right of action to recover actual damages against any person who knowingly cause[d] such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that such person was under the age of [21] years" (General Obligations Law § 11-100 [1]).

3. We note that, although defendant argues that the fact that plaintiff was introduced to Folkard as his sister's roommate meant he had "reasonable cause to believe that [plaintiff] was under the age of [21] years" (General Obligations Law § 11-100 [1]), such an inference is by no means clear given the different ages at which individuals choose to pursue college careers. In any event, simply knowing of underage drinking does not by itself trigger potential statutory liability in the absence of other proof showing, for example, that the alcohol consumption was actively encouraged (see *Rust v Reyer*, 91 NY2d 355, 361 [1998]).

question of fact as to whether Folkard was more than a "passive participant" who, instead, played an "indispensable role" in furnishing alcohol to plaintiff (*Rust v Reyer*, 91 NY2d 355, 361 [1998]).

Finally, we conclude that defendant's claim for contribution based on a common-law negligence theory was properly dismissed for the reasons stated in our prior decision indicating that the same cause of action could not withstand the summary judgment motions brought by two of Folkard's roommates (56 AD3d at 871-872). Although defendant points to factors it perceives as supporting a different result herein, we are unpersuaded.

The remaining contentions raised by defendant and not specifically addressed above have been examined and found to be unpersuasive.

Mercure, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.