# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1037
CA 12-00273
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

CAITLIN G. MURPHY, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

NOAH COMINSKY, DEFENDANT,
AND LAWRENCE VANDERBOGART, DEFENDANT-APPELLANT.

---

THE LAW OFFICES OF EDWARD M. EUSTACE, WHITE PLAINS (CHRISTOPHER YAPCHANYK OF COUNSEL), FOR DEFENDANT-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (JAMES W. CUNNINGHAM OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered October 25, 2011. The order, insofar as appealed from, denied the motion of defendant Lawrence Vanderbogart to dismiss the complaint against him pursuant to CPLR 3211 (a) (7).

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of defendant Lawrence Vanderbogart's motion to dismiss the second cause of action against him and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when her face was bitten by a dog during a party at which alcohol, furnished by defendants, was served. The party was hosted by a minor (host) while his parents were out of town, and the dog belonged to the host's family. For her first cause of action against Lawrence Vanderbogart (defendant), plaintiff alleged that defendant violated General Obligations Law §§ 11-100 and 11-101 (Dram Shop Act) by providing alcohol to minors. Plaintiff further alleged that, as a result of their intoxication, the minors attending the party became rowdy, thereby agitating the dog and causing it to bite plaintiff, and that, as a result of the host's intoxication, he failed to exercise a reasonable degree of care with respect to the dog and the dangers it posed to the guests. In her second cause of action against defendant, plaintiff alleged that he was negligent in providing alcohol to minors. Defendant moved to dismiss the complaint against him on the ground that it failed to state a cause of action (*see* CPLR 3211 [a] [7]), and Supreme Court denied the motion.

Defendant contends that because plaintiff may recover for injuries sustained as a result of a dog bite only under a theory of

strict liability (*see e.g. Petrone v Fernandez*, 12 NY3d 546, 550), the court erred in denying his motion. We conclude that the court properly denied defendant's motion to dismiss the first cause of action against him, alleging that he violated the Dram Shop Act. New York's Dram Shop Act affords a person injured "by reason of the intoxication" of another person an independent cause of action against the party that unlawfully sold, provided or assisted in procuring alcoholic beverages for such intoxicated person (General Obligations Law §§ 11-100 [1]; 11-101 [1]). The statute requires only "some reasonable or practical connection between the [furnishing] of alcohol and the resulting injuries; proximate cause, as must be established in a conventional negligence case, is not required" (*Oursler v Brennan*, 67 AD3d 36, 43 [internal quotation marks omitted]; *see Adamy v Ziriakus* [appeal No. 1], 231 AD2d 80, 88, *affd* 92 NY2d 396; *McNeill v Rugby Joe's*, 298 AD2d 369, 370; *Bartkowiak v St. Adalbert's R. C. Church Socy.*, 40 AD2d 306, 310). Accepting the facts alleged in the complaint as true and according plaintiff the benefit of all favorable inferences, as we must in the context of this motion to dismiss, we conclude that plaintiff has stated a legally cognizable cause of action against defendant for a violation of the Dram Shop Act (*see generally Leon v Martinez*, 84 NY2d 83, 87-88).

We further conclude, however, that the court erred in denying defendant's motion to dismiss the second cause of action against him, alleging negligence on defendant's part. There is no common law cause of action for the negligent provision of alcohol in this state (*see Rust v Reyer*, 91 NY2d 355, 358-359; *D'Amico v Christie*, 71 NY2d 76, 84-87; *O'Neill v Ithaca Coll.*, 56 AD3d 869, 872; *McGlynn v St. Andrew Apostle Church*, 304 AD2d 372, 373, *lv denied* 100 NY2d 508). We therefore modify the order accordingly.

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court