■ EMMANUEL ARREAGA, Respondent, v 112 DYCKMAN RESTAU-RANT INC. et al., Defendants, and 114-118 DYCKMAN REALTY LLC, Appellant. [39 NYS3d 774]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 25, 2016, which, inter alia, denied defendant-appellant's motion for summary judgment dismissing the complaint as against it as premature, and prospectively denied its motion for leave to renew at the conclusion of discovery, unanimously reversed, on the law and the facts, without costs, and summary judgment dismissing the complaint against de-fendant-appellant (defendant) granted. The Clerk is directed to enter judgment accordingly.

Defendant, an out of possession landlord, presented prima facie evidence establishing a meritorious defense—that it did not control the restaurant where plaintiff was injured and had no knowledge of or opportunity to supervise the intoxicated patrons that allegedly assaulted plaintiff (see D'Amico v Chris-tie, 71 NY2d 76, 85 [1987]; McGlynn v St. Andrew Apostle Church, 304 AD2d 372 [1st Dept 2003], lv denied 100 NY2d 508 [2003]). The affidavit of defendant's property manager indicated, inter alia, that defendant had no employees on the premises at the time of the incident and no information concerning it prior to service of the complaint. Plaintiff failed to raise any disputed material issue of fact in opposition to

summary judgment, nor did he show that discovery was necessary to oppose the motion. Concur—Friedman, J.P., Andrias, Moskowitz, Gische and Gesmer, JJ.