Abtey v Trivigno (2020 NY Slip Op 06233)





Abtey v Trivigno


2020 NY Slip Op 06233


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-04862
 (Index No. 27021/13)

[*1]Brittany Abtey, etc., et al., respondents-appellants,
v
Nicola Trivigno, et al., respondents, John N. Trivigno, et al., appellants-respondents, et al., defendants.


Nicolini, Paradise, Ferretti & Sabella, Mineola, NY (John J. Nicolini of counsel), for appellants-respondents.
Seidner, Rosenfeld & Guttentag, LLP, Babylon, NY (Larry Rosenfeld of counsel), for respondents-appellants.
Russo & Tambasco, Melville, NY (Yamile R. Al-Sullami of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the defendants John N. Trivigno and Jeannette Trivigno appeal, and the plaintiffs cross-appeal, from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated March 22, 2017. The order, insofar as appealed from, denied those branches of the motion of the defendants John N. Trivigno and Jeannette Trivigno which were for summary judgment dismissing the cause of action to recover damages for negligent supervision insofar as asserted against John N. Trivigno, dismissing the cause of action alleging violations of Greene County Local Law #1 of 2007 and Penal Law § 260.20 insofar as asserted against them, and dismissing the cause of action alleging negligent provision of alcohol to a minor insofar as asserted against them. The order, insofar as cross-appealed from, granted that branch of the motion of the defendants John N. Trivigno and Jeannette Trivigno which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-100 insofar as asserted against them, and denied the plaintiffs' cross motion for summary judgment on the issue of the liability of the defendants Nicola Trivigno and Public Administrator as Administrator of the Estate of Frank J. Trivigno, deceased.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants John N. Trivigno and Jeannette Trivigno which was for summary judgment dismissing the cause of action to recover damages for negligent provision of alcohol to a minor insofar as asserted against them, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying the plaintiffs' cross motion for summary judgment on the issue of the liability of the defendants Nicola Trivigno and Public Administrator as Administrator of the Estate of Frank J. Trivigno, deceased, and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiffs payable by the defendants Nicola Trivigno and Public Administrator of the Estate of Frank J. Trivigno, deceased.
On August 31, 2013, the infant plaintiff Brittany Abtey (hereinafter Brittany), who was then 15 years old, allegedly sustained personal injuries while riding as a passenger on an all terrain vehicle (hereinafter ATV) operated by Frank J. Trivigno (hereinafter Frankie), and owned by the defendant Nicola Trivigno, Frankie's father, when the ATV collided with a tree. Frankie died at the scene of the accident. Frankie's autopsy report revealed a blood alcohol concentration of 0.177g/100mL and the presence of marijuana products in his blood.
Brittany, by her father and natural guardian, and her parents suing derivatively, commenced this action against, among others, Nicola Trivigno, the Public Administrator as Administrator of the Estate of Frank J. Trivigno, deceased (hereinafter Frankie's estate), as well as John N. Trivigno and Jeannette Trivigno, Frankie's uncle and aunt, respectively, both of whom the plaintiffs alleged, inter alia, were negligent in failing to supervise Frankie.
Following discovery, John N. Trivigno and Jeannette Trivigno moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the plaintiffs cross-moved for summary judgment on the issue of the liability of Nicola Trivigno and Frankie's estate.
We agree with the Supreme Court's determination denying that branch of the motion of John N. Trivigno and Jeannette Trivigno which was for summary judgment dismissing the cause of action to recover damages for negligent supervision of Frankie insofar as asserted against John N. Trivigno. On this branch of their motion, these defendants failed to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Triable issues of fact exist, inter alia, as to whether John N. Trivigno agreed to supervise Frankie, and, if so, whether he provided adequate supervision under the circumstances (see generally Aquino v Higgins, 15 NY3d 903, 905; Appell v Mandel, 296 AD2d 514). Failure to make such a showing requires denial of this branch of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Moreover, we agree with the court that John N. Trivigno and Jeannette Trivigno failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing the causes of action to recover damages for violations of Greene County Local Law #1 of 2007 and Penal Law § 260.20 insofar as asserted against them, as these defendants failed to address these causes of action in their original motion papers (see id. at 853; Lopez v Cobra Logistics, Inc., 130 AD3d 880, 881). Instead, they addressed those causes of action for the first time in their reply papers.
However, the Supreme Court should have granted that branch of the motion of John N. Trivigno and Jeannette Trivigno which was for summary judgment dismissing the cause of action to recover damages for negligent provision of alcohol to a minor insofar as asserted against them because there is no common-law cause of action for negligent provision of alcohol in this state (see Rust v Reyer, 91 NY2d 355; Sherman v Robinson, 80 NY2d 483; Murphy v Cominsky, 100 AD3d 1493, 1495).
Moreover, the Supreme Court should have granted the plaintiffs' cross motion for summary judgment on the issue of the liability of Nicola Trivigno and Frankie's estate. A plaintiff is no longer required to show freedom from comparative fault in order to establish his or her prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312, 315). A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (see Vainer v DiSalvo, 79 AD3d 1023, 1024). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by presenting evidence that Frankie operated the ATV while intoxicated in violation of the Vehicle and Traffic Law (see Vehicle and Traffic Law § 1192). Frankie's negligence is imputed to Nicola Trivigno, who was the owner of the ATV which was being driven by Frankie with Nicola Trivigno's permission (see Vehicle and Traffic Law § 388; Edwards v J & D Express Serv. Corp., 180 AD3d 871). In opposition, Nicola Trivigno and Frankie's estate failed to raise a triable issue of fact on the issue of liability.
The parties' remaining contentions are without merit.
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court